UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO.,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT PETREE, et al.,<br><br>Defendants. | No. 2:18–cv–3274–JAM–KJN<br><br>ORDER FOR ATTORNEYS' FEES<br><br>(ECF Nos. 72, 73, 76) |

In August 2021, plaintiff filed simultaneous motions to compel discovery from each of the two defendants named in this action: Robert Petree and HUB International Insurance Services, Inc. ("HUB"). (ECF Nos. 69, 70.) On the day that joint statements regarding the discovery disagreements were due (and were filed), defendants produced the requested discovery, thereby resolving the disputes. (ECF Nos. 72, 73, 76.) In the joint statements, plaintiff requested attorneys' fees under Rule 37(a)(5)(A), even in the event that the late-breaking production resolved the dispute—which it ultimately did. (ECF Nos. 72 at 72-73, 73 at 20-21.) The court denied as moot the motions to compel but invited plaintiff to supplement its request for attorneys' fees with an itemized billing summary and allowed the parties to fully brief the fees request. (ECF No. 78.) The fees request was taken under submission, and after considering the arguments in the joint statements and the supplemental adversarial briefing (ECF Nos. 76, 77, 88, 89), the court GRANTS IN PART plaintiff's request for an award of attorneys' fees incurred in bringing its August 2021 motions to compel.

**Legal Standard**

Under Rule 37 of the Federal Rules of Civil Procedure, if a "disclosure or requested discovery is provided after the motion [to compel] was filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). "But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Id.; see Balla v. Idaho, 677 F.3d 910, 920 (9th Cir. 2012) ("Rule 37(a)(5)(A) requires the court to award attorneys fees in most circumstances where 'the disclosure or requested discovery is provided after the motion was filed,'" even though the underlying motion is denied as moot). It is the burden of the party opposing sanctions to establish that one of these exceptions applies. Infanzon v. Allstate Ins. Co., 335 F.R.D. 305, 311 (C.D. Cal. 2020).

**Discussion**

Plaintiff seeks a total award of $13,890 for attorneys' fees incurred in preparing the two motions to compel, including $1,755 in fees incurred in preparing plaintiff's reply in support of the fees request. (ECF Nos. 76, 88 at 9.) Defendants vigorously oppose such a large award of fees, and in fact request $2,600 in attorneys' fees of their own for the time spent responding to plaintiff's fee request. (ECF No. 77 at 12.) The court agrees that plaintiff's counsel in certain respects claims an unreasonable amount of time for preparing the motions. Therefore, the court awards much reduced fees of $7,330 for plaintiff, but it declines to award any fees for defendants.

It is undisputed that neither defendant[1] produced the discovery responses requested for the seven sets of discovery at issue until after the respective motions to compel were filed. Indeed, defendants did not provide the responses or production plaintiff sought to compel until the evening before (and the day of) the deadline for filing joint statements regarding the motions—

---

[1] Both defendants are represented by the same counsel in this action.

2

that is, one week before the motion hearing date (which had already been continued from the original hearing date). Thus, an award of fees is mandatory unless defendants can show that (i) plaintiff filed the motions before attempting to meet and confer in good faith, (ii) their own discovery conduct was substantially justified, or (iii) other circumstances make an award unjust.

Although defendants argue that plaintiff delayed in initiating meet and confer efforts on the subject discovery requests, defendants do not assert a lack of good-faith meet and confer before the motions were filed. As for the other two grounds for denying Rule 37 fees, defendants repeat the same arguments made in the original joint statements: that plaintiff delayed starting to meet and confer until June 2021, and that defendants' delay in not amending responses and serving production until September 2021 was largely due to one of their attorneys experiencing a serious medical issue unknown to others at the firm until the end of July 2021. (ECF Nos. 74 ¶¶ 3-15, 77 at 2.) Without questioning the seriousness of the assigned associate's illness, and even recognizing that the associate had meanwhile assured his colleagues that he would finish the amended responses, this unfortunate scenario does not constitute substantial justification for defendants' original objection-only responses or the two-month delay in amending after the work was reassigned. The court also does not count against defendants the months between service of their original (deficient) responses and when plaintiff's counsel first informed them that it considered the responses deficient. However, defendants' subsequent repeated failure to produce within the promised time frames—after several extensions—reasonably led plaintiff to file the motions to compel, in light of the looming discovery cut-off deadline. Defendants' discovery conduct was not substantially justified, and there are no special circumstances making an award of fees unjust.

Defendants devote most of their opposition to a detailed explanation of why they believe plaintiff's counsel's time spent on the motions to compel is overinflated. The court considers these arguments in calculating the reasonable fees to be awarded to plaintiff's counsel. Plaintiff seeks $7,115 for the motion to compel production from defendant HUB; $5,020 for the motion to compel production from defendant Petree; and $1,755 for the reply in support of the fees request. (ECF Nos. 76 at 3-5, 88 at 9.) To determine if the amount requested is reasonable, courts use the

lodestar method which multiplies the number of hours reasonably expended by the reasonable hourly rate. Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013); Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008); Infanzon, 335 F.R.D. at 314.

Plaintiff's counsel claims a billing rate of $308 per hour. (ECF No. 76 at 3, 5.) Judges in this district have found reasonable hourly rates to range from $200 to $425 per hour, depending on experience level. In re Taco Bell Wage & Hour Actions, 222 F.Supp.3d 813, 838 (E.D. Cal. 2016); Timmerman Starlite Trucking, Inc. v. Ingredion Inc., 2020 WL 6158241, *4 (E.D. Cal. Oct. 21, 2020) (setting fee rate at $350 per hour).

Plaintiff's counsel Daniel Richardson does not set forth his years of experience, but the undersigned takes judicial notice of records of the California State Bar showing that he was admitted in May 2013.[2] In the Eastern District, attorneys with five to ten years of experience are typically awarded hourly rates of $250 to $300 per hour. Atayde v. Napa State Hosp., 2020 WL 2770061, at *13 (E.D. Cal. May 28, 2020); Durham v. FCA US LLC, 2020 WL 243115, at *9 (E.D. Cal. Jan. 16, 2020) (noting that "the Sacramento Division and Fresno Division award comparable rates"). At the time of the motion, Mr. Richardson had eight years' experience as a lawyer. Thus, the undersigned finds that the rate of $308 per hour for Mr. Richardson's services is reasonable.

As to the hours expended, however, the undersigned finds that certain portions of plaintiff's counsel's time claimed are excessive under the circumstances. District courts should exclude hours that are "excessive, redundant, or otherwise unnecessary." Gonzalez v. City of Maywood, 729 F.3d 1196, 1203 (9th Cir. 2013). When "a court determines that some hours billed are not reasonable, it may exclude them using one of two methods: the court may either conduct an 'hour-by-hour analysis' of the fee request or make an 'across the board percentage cut.'" Zargarian v. BMW of N. Am., LLC, 442 F. Supp. 3d 1216, 1223 (C.D. Cal. 2020) (quoting

---

[2] See https://apps.calbar.ca.gov/attorney/Licensee/Detail/289327. The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. Nat'l Ed. Ass'n, 629 F.3d 992, 999 (9th Cir. 2010).

Gonzalez, 729 F.3d at 1203); see Gonzalez, 729 F.3d at 1203 (except for "haircut" reductions of 10% or less, "the district court must explain why it chose to cut the number of hours or the lodestar by the specific percentage it did"); Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008) (district court's explanation of fee award determination "need not be elaborate, but it must be comprehensible").

*Excessive Hours*

The largest reduction to be imposed is for the excessive time claimed in preparing plaintiff's portion of the joint statements filed for each motion to compel. As defendants' opposition briefing details, these were twin motions to compel directed to each of the two closely connected defendants in this action. Plaintiff's counsel claims a total of 19.2 hours spent preparing and drafting his 60-page portion of the joint statement for the motion directed to HUB, and a total of 12.3 hours doing the same for his 17-page portion of the joint statement for the motion directed to Petree. (ECF No. 76 at 3-5.) The Joint Statements were filed simultaneously, and plaintiff's portions of the opening sections of each share at least five pages of identical text regarding the nature of the case and the parties' meet and confer efforts. (See ECF No. 89 at 8-12, 32-36.) This duplication makes sense, but plaintiff's counsel should not be doubly compensated for it.

For the Petree Joint Statement, that left 12 pages of original writing and argument (in plaintiff's portion). The Petree discovery dispute pertained to just three Requests for Production of Documents ("RPDs") and three Interrogatories. (ECF No. 89, Ex. B.) As required by Local Rule, plaintiff reproduced the full text of the disputed requests and the objections thereto—requiring only a quick copy-and-paste—before substantively addressing each request. Plaintiff's substantive arguments on RPDs 61 and 62, though some paragraphs are arranged in slightly different orders based on the objections at issue, are essentially the same; and the argument for RPD 63 is one short paragraph based on general principles for affirmative defenses. Likewise, plaintiff's position on the three interrogatories effectively consists of six paragraphs of largely overlapping arguments. Plaintiff's counsel acknowledges that many of the same arguments are repeated but argues that is because defendants asserted similar objections over and over, and he

nevertheless had to individually assess the merits of each objection in context. Of course, that is a fundamental requirement of explaining the problems of a discovery dispute to the court. However, it does not justify spending over 12 hours on a document that contains little to no unique analysis of the six discovery requests at issue. The court finds that 6 hours—one hour per discovery request—is the maximum reasonable time to be awarded for preparing the Petree Joint Statement.

The HUB Joint Statement was more expansive, addressing 10 interrogatories and numerous requests for production grouped into several categories over the course of 60 pages (in terms of plaintiff's portion only). (ECF No. 89, Ex. D.) However, again, much of the space of those 60 pages was devoted to reproducing the text of the interrogatories, requests, and responses. Due to the shear number of disputed requests, this was more laborious than for the Petree Joint Statement, but still, only required repeated copying and pasting. Despite the quantity of interrogatories and requests at issue, plaintiff asserted the same three-sentence argument for each of the 10 interrogatories, simply changing the opening description of what was sought in each interrogatory. (ECF No. 89 at 42-48.) Plaintiff's arguments for the numerous RPDs were more varied, and it appears counsel made request-specific alterations in describing the content of many of the requests; however, plaintiff made substantive legal arguments as to only four of the RPDs (Nos. 207, 227, 233, 246), which were incorporated by reference as to all of the others. The court recognizes that organizing a Joint Statement covering such a large number of discovery requests requires significant time, and due to the number of requests and the fact that many of plaintiff's arguments were request-specific, a lesser reduction is warranted than for the Petree matter. Accordingly, the court reduces the time claimed for preparing the HUB Joint Statement by 30%—instead of the effectively 50% reduction above—from 19.2 to 11.5 hours.

The other category of time spent which the court finds excessive is the hours billed for filing the Notices of motion for each motion. Plaintiff's counsel claims 0.6 hours for drafting the Notice of motion for HUB and 1 hour (half an hour over the course of two days) to "draft" and "finalize" the Notice of motion for Petree. (ECF No. 76 at 3-4.) While the notices are not identical, as they individually describe the subjects to be addressed by each motion, they are only

one page in substance and of the type routinely prepared in discovery litigation.  Each notice should reasonably take, at most, 20 minutes to prepare.  Accordingly, the court awards 0.2 hours for the drafting and filing of the Notice of motion as to each motion.

Finally, the court declines to award any of the 0.4 hours claimed for "analyz[ing]" defendant Petree's objections to certain discovery requests and "evaluat[ing] grounds for bringing a motion to compel."  (ECF No. 76 at 4.)  These are tasks that would be required upon receipt of any set of discovery responses, so this expense was not "incurred in making" the motions to compel.  Fed. R. Civ. P. 37(a)(5)(A).

### *The Remaining Time Entries Are Compensable and Reasonable*

Defendants also argue that plaintiff's counsel's time spent "compiling" and "assembling" documents and exhibits in support of the motions is not compensable because of its clerical nature.  Courts indeed may discount billing entries for "clerical tasks" such as "filing, transcript, and document organization time."  Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009).  However, in the context of discovery motions like these, which require locating numerous emails and other communications personal to the attorneys involved, the court does not view this compilation of exhibits as the sort of clerical task that could just as easily (and less expensively) be performed by support staff.  The court finds the 1 hour spent compiling documents for the HUB motion and the 1.7 hours spent compiling documents for the Petree motion both compensable and reasonable.

Finally, defendants challenge the time entries logged on September 9, 2021—to complete the filing of the joint statements due that day.  Defendants argue that plaintiff's counsel was already aware of defendants' amended responses and production served earlier that day and the evening before, and had been notified on September 8 of the imminent production and asked to continue the hearing.  Although the amended responses and production were ultimately found to resolve all of plaintiff's discovery issues, plaintiff's counsel could not reasonably have reviewed the full production before the filing deadline for the parties' joint statements.  The court agrees that, in hindsight, the better course would have been to continue the hearing on the motion to compel—rather than risk wasting the court's resources reviewing disputes that had been mooted.

1   However, given that defendants' promises of production had fallen flat previously in the meet-
2   and-confer, and given the looming discovery deadline, the court will not penalize plaintiff's
3   counsel for pressing forward with finalizing and filing the joint statements in order to keep the
4   matter on calendar—should the production not prove entirely satisfactory.  Thus, the court finds
5   reasonable the 2.3 hours spent finalizing the documents for the HUB Joint Statement and the 0.9
6   hours spent finalizing the Petree Joint Statement.

7   *Fees Requested in Supplemental Briefing*

8   Because the court was required to spend significant time parsing the nature of plaintiff's
9   portion of the joint statements, and finds most of defendants' challenges to those entries well
10  founded, the court does not award plaintiff's counsel the additional $1,755 requested in fees for
11  the time spent on the reply in support of what the court has found to be largely excessive fees.
12  Likewise, the court declines to award any fees for the time spent on the opposition briefing by
13  defendants, who cite no authority in support of their counter-fee request.

14  **Conclusion**

15  In sum, the court awards plaintiff's counsel attorneys' fees incurred in making the HUB
16  motion to compel at a rate of $308 per hour for 0.2 hours drafting the notice of motion, 1 hour
17  compiling exhibits, 11.5 hours preparing and drafting plaintiff's portion of the Joint Statement,
18  and 2.3 hours finalizing the Joint Statement and supporting papers (0.7 + 0.7 + 0.9).  This comes
19  to a total of $4,620 ($308 x 15 hours).

20  The court further awards plaintiff's counsel attorneys' fees for the Petree motion to
21  compel at the same rate for 0.2 hours drafting the notice of motion, 1.7 hours assembling and
22  compiling exhibits (0.8 + 0.9), 6 hours preparing and drafting plaintiff's portion of the Joint
23  Statement, and 0.9 hours finalizing the Joint Statement and supporting papers (0.5 + 0.4).  This
24  comes to a total of $2,710 ($308 x 8.8 hours).

25  ///
26  ///
27  ///
28  ///

1     Accordingly, IT IS HEREBY ORDERED that within thirty (30) days from the date of this order, defense counsel shall pay plaintiff's counsel the sum of $7,330 for the reasonable expenses incurred in bringing the August 2021 motions to compel, pursuant to Fed. R. Civ. P. 37(a)(5)(A). Defense counsel shall not attempt, directly or indirectly, to recover that amount from their clients.

Dated:  January 6, 2022

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gall.3274